B066

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


FILED
SEP 22 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 20-266 |
| ) | [UNDER SEAL] |
| v. ) | (21 U.S.C. § 846) |
| ) | |
| BRUCE MCKNIGHT ) | |
| NORBERTO CASTILLO-LOPEZ ) | |
| JOSSIAN AYALA-RUBERTE ) | |
| LUIS MATTEI-ALBIZU ) | |
| NATHANIEL MCKNIGHT ) | |
| MICHAEL TALBERT ) | |
| TONY MCKNIGHT ) | |
| TREVOR AUSTIN ) | |
| THOMAS PIERCE, JR. ) | |
| THOMAS JONES ) | |
| ROMONDO OATIS ) | |
| DARNELL LATHAM ) | |
| BRANDON JETTER ) | |

## INDICTMENT

## COUNT ONE

The grand jury charges:

From in and around March of 2019, and continuing thereafter to in and around September of 2020, in the Western District of Pennsylvania and elsewhere, the defendants, BRUCE MCKNIGHT, NORBERTO CASTILLO-LOPEZ, JOSSIAN AYALA-RUBERTE, LUIS MATTEI-ALBIZU, NATHANIEL MCKNIGHT, MICHAEL TALBERT, TONY MCKNIGHT, TREVOR AUSTIN, THOMAS PIERCE, JR., THOMAS JONES, ROMONDO OATIS, DARNELL LATHAM, and BRANDON JETTER, did knowingly, intentionally and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the

provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

From in and around March of 2020, and continuing thereafter to in and around September of 2020, in the Western District of Pennsylvania and elsewhere, the defendants, BRUCE MCKNIGHT and NATHANIEL MCKNIGHT, did knowingly, intentionally and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2- phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

In violation of Title 21, United States Code, Section 846.

## NOTICE OF SPECIAL FINDINGS

The grand jury further finds:

1. As to Counts One and Two, the defendant, BRUCE MCKNIGHT:

(a) was previously convicted on or about May 31, 2002, at Docket Number 2:01-cr-00036-GLL-3 in the United States District Court for the Western District of Pennsylvania, of the crime of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. § 846;

(b) served a term of imprisonment of more than twelve months for the offense described in Subparagraph 1(a); and

(c) was released from any term of imprisonment for the offense described in Subparagraph 1(a) within fifteen years of the commencement of each of the offenses charged in Counts One and Two.

The grand jury further finds:

1. As to Count One, the defendant, MICHAEL TALBERT:

    (a) was previously convicted on or about April 27, 2012, at Docket Number 2:11-cr-00151-GLL-1 in the United States District Court for the Western District of Pennsylvania, of the crime of distribution and possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii);

    (b) served a term of imprisonment of more than twelve months for the offense described in Subparagraph 1(a); and

    (c) was released from any term of imprisonment for the offense described in Subparagraph 1(a) within fifteen years of the commencement of the offense charged in Count One.

The grand jury further finds:

1. As to Count One, the defendant, THOMAS PIERCE:

    (a) was previously convicted on or about August 10, 2006, at Docket Number 4:05-cr-00544-PAG-3 in the United States District Court for the Northern District of Ohio, of the crime of conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846;

    (b) served a term of imprisonment of more than twelve months for the offense described in Subparagraph 1(a); and

    (c) was released from any term of imprisonment for the offense described in Subparagraph 1(a) within fifteen years of the commencement of the offense charged in Count One.

The grand jury further finds:

1. As to Count One, the defendant, ROMONDO OATIS:

    (a) was previously convicted on or about July 31, 2003, at Docket Number 2:02-cr-00273-WLS-1 in the United States District Court for the Western District of Pennsylvania, of the crimes of possession with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii);

    (b) served a term of imprisonment of more than twelve months for the offense described in Subparagraph 1(a); and

    (c) was released from any term of imprisonment for the offense described in Subparagraph 1(a) within fifteen years of the commencement of the offense charged in Count One.

## **FORFEITURE ALLEGATION**

1. The allegations contained in Count One and Count Two of this Indictment are hereby re-alleged and incorporated by reference, as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendants, BRUCE MCKNIGHT, NORBERTO CASTILLO-LOPEZ, LUIS MATTEI-ALBIZU, JOSSIAN AYALA-RUBERTE, NATHANIEL MCKNIGHT, MICHAEL TALBERT, TONY MCKNIGHT, TREVOR AUSTIN, THOMAS PIERCE, JR., THOMAS JONES, ROMONDO OATIS, DARNELL LATHAM, and BRANDON JETTER, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. If any of the property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A True Bill,

_____
Foreperson

_____
SCOTT W. BRADY
United States Attorney
PA ID No. 88352

9